**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** :

      v.                   :           **06-CR-89 (RDM)**

**NIZAR TRABELSI**           :

## SUPPLEMENT TO SAMS MOTIONS

Mr. Nizar Trabelsi, through undersigned counsel, respectfully submits the attached declaration of Asma Berrou, in support of the pending motions to modify the Special Administrative Measures ("SAMs"), ECF Nos. 163, 170, 183, 191. The government alleged at the hearing on this matter that Ms. Berrou "is the person who is aiding and abetting [Mr. Trabelsi's] acts of violating the SAMs." Tr. of Mot. Hr'g (Apr. 30, 2019) at 31, ECF No. 270. The government has no evidence that any communications between Mr. Trabelsi and Ms. Berrou have been improper or violated the SAMs. The government has not produced summaries of any calls which it alleges violated the SAMs, *see* Gov't Opp'n at 12-13, ECF No. 185, and the government has retracted the one ground set forth in the SAMs memorandum for restricting Mr. Trabelsi's contact with Ms. Berrou, *i.e.*, an alleged attempt to "radicalize" others, which turned out to be completely unfounded. Nevertheless, counsel submits the attached declaration in which Ms. Berrou reaffirms her agreement to abide by all provisions of the SAMs. In addition, Mr. Trabelsi respectfully submits the attached photographs of him and Ms. Berrou to highlight his need for her continuing support via telephone communications. The photographs were taken during a visit while Mr. Trabelsi was in custody in Belgium.

In addition, with respect to the information provided in the Joint Status Report, ECF No. 256, the defense submits that any Qualified Mental Health Professional ("QMHP") "services"

offered to Mr. Trabelsi do not in any way ameliorate his lack of access to communication or the effects of his long-term solitary confinement. The remote interpretation services offered to Mr. Trabelsi in connection with the QMHP are insufficient to allow for effective communication about Mr. Trabelsi's medical or mental health needs. It is also unclear if the QMHP is, in fact, qualified and what, if any, qualifications the QMHP has. NNRJ has declined to provide any information about the QMHP's qualifications to Mr. Trabelsi or defense counsel. NNRJ has also declined to explain what instructions have been provided to the QMHP about interacting or attempting to interact with Mr. Trabelsi. In addition, the qualifications of any remote interpreter to provide accurate interpretation services are unclear; it is unclear whether the remote interpretation services function effectively (i.e., without lag-time or breaks in service that increase frustration with the language barrier rather than ameliorate it).

Because speaking with jail officials, including any QMHP, is not equivalent to speaking with a loved one and the government has not provided any summaries of any calls which it alleges violate the SAMS, there is no reasonable basis to find that Mr. Trabelsi violated the SAMS and no basis for indefinitely restricting Mr. Trabelsi's communication with Ms. Berrou; the restriction is purely punitive.

Accordingly, Mr. Trablesi respectfully requests that this Court allow him to communicate with Ms. Berrou by telephone and video so that she may continue to be a great source of support to him before and during his upcoming trial.

                                          Respectfully submitted,

                                          A. J. KRAMER
                                          FEDERAL PUBLIC DEFENDER

                                                /s/
                                          _____

                                          MARY MANNING PETRAS
                                          CELIA GOETZL
                                          Assistant Federal Public Defenders
                                          625 Indiana Avenue, N.W.
                                          Washington, D.C.  20004
                                          (202) 208-7500